IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| TIMOTHY LLOYD CHESTERMAN,<br><br>Petitioner,<br><br>vs.<br><br>WARDEN, CROSSROADS CORRECTIONAL[1]; ATTORNEY GENERAL OF THE STATE OF MONTANA,<br><br>Respondents. | Cause No. CV 23-117-BLG-SPW-TJC<br><br>ORDER |

On October 6, 2023, Petitioner Timothy Lloyd Chesterman filed a petition under 28 U.S.C. § 2254. Chesterman is a state prisoner proceeding pro se.

Chesterman's petition will be dismissed without prejudice. Chesterman's petition relates to his May 4, 2023, conviction in Yellowstone County Court. (Doc. 1 at 2.) His petition shows that he has not exhausted his state court proceedings, related to any petition for postconviction relief. (Doc. 1 ant 4 – 5.) Before he may proceed in this Court, Chesterman must exhaust his state judicial remedies with respect to that claim by using the state's normal channels for original and appellate review. *See Rose v. Lundy*, 455 U.S. 509, 520 (1981) (providing "a simple and

---

[1] The Court has amended the caption to show that, since the filing of his petition, Chesterman has moved from Montana State Prison to Crossroads Correctional Facility, Shelby, Montana.

1

clear instruction to potential litigants: before you bring any claims to federal court, be sure that you first have taken each one to state court."). Because Chesterman may file in the Montana courts, he must. His federal petition will be dismissed without prejudice. He may file a federal habeas petition after he has properly exhausted his available state remedies. *Slack v. McDaniel*, 529 U.S. 473, 485-86 (2000).

A certificate of appealability, 28 U.S.C. § 2253(c)(2), is not appropriate. Reasonable jurists would not find any exhausted claim. There is no reason to encourage further proceedings in this Court at this time. *Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012).

Based on the foregoing, the Court enters the following:

### ORDER

1. Chesterman's petition (Doc. 1) is DISMISSED as unexhausted. All pending motions are DENIED as moot.

2. The Clerk of Court is directed to enter, by separate document, a judgment of dismissal.

3. A certificate of appealability is DENIED.

DATED this 19th day of January, 2024.

Susan P. Watters
United States Judge